IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

SENO J. CARTER                                                                                              PLAINTIFF
REG. #17198-045

V.                                    NO: 2:09CV00065 SWW/HDY

RINGWOOD *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, formerly held at the Federal Correctional Institution in Forrest City ("FCIFC"), filed this complaint on June 9, 2009, alleging that Defendants Ringwood, Ponder, Davis, T.C. Outlaw, Byaum, and White, violated his rights under the Federal Tort Claims Act, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), when they served a food product containing pork to the inmate population without properly identifying it as containing pork. On November 6, 2009, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #39-#41). Plaintiff filed a response and addendum on November 23, 2009 (docket entries #47 & #48). Defendants filed a reply to Plaintiff's response on November 30, 2009 (docket entry #49), and Plaintiff responded to that reply on December 7, 2009 (docket entry #51). Because Plaintiff has not named the appropriate party for a Federal Tort Claims Act lawsuit, and because he failed to properly exhaust his administrative remedies with respect to his other claims, Defendants' motion should be

2

granted.

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff, Defendants served a sausage containing pork to the inmate population in September and October of 2008. Plaintiff alleges that the sausage was not identified as containing pork. Plaintiff is a Muslim, has not eaten pork since 1974, and contends that his consumption of pork led to physical sickness and mental anguish.

Defendants assert that Plaintiff's complaint should be dismissed, because, among other things, he failed to name the appropriate party for a Federal Tort Claims Act action, and because he failed to exhaust his administrative remedies with respect to the claims at issue in this lawsuit.

3

*A. Federal Tort Claims Act*

Although Plaintiff appears to have exhausted his administrative remedies with respect to his tort claims, the United States is the only proper defendant for actions under the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1). Because Plaintiff has not named the United States as a defendant, Plaintiff's negligence claim under the Federal Tort Claims Act should be dismissed.

*B. Exhaustion*

Defendants contend that Plaintiff has failed to exhaust his administrative remedies with respect to his other claims. Lack of exhaustion is an affirmative defense, which must be proved by defendants. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam).[1] The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Importantly, the question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In support of their contention that Plaintiff has failed to exhaust his administrative remedies, Defendants have attached a declaration from James D. Crook, an attorney with the United States Department of Justice, Federal Bureau of Prisons, in which Crook states that he searched prison records, and found that Plaintiff has failed to properly exhaust any administrative remedy with respect to the allegations he has raised in this complaint regarding his religious claims (docket entry

---

[1] *Nerness* is a § 1983 case. However, because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).

4

#40, exhibit A).

If an informal attempt at resolution of a problem fails, there are three levels to the administrative remedy process in the Bureau of Prisons. Once an administrative remedy is initiated, it is assigned a number. When the remedy is received, the number is assigned a suffix–at the institutional level ("F1"), the regional level ("R-1") and the office of general counsel ("A-1"). If a remedy is rejected and resubmitted in proper form, the remedy is reassigned a corresponding "F2," "R2," or "A2." Attachments to Crook's declaration indicate that Plaintiff filed an administrative remedy, number 518514, complaining that food containing pork was being served during Ramadan. Plaintiff's remedy was denied at the institutional level, and he properly appealed to the regional level, where it also was denied. Plaintiff's appeal to the office of general counsel was rejected on March 24, 2009, when he failed to include a copy of his "BP-9," the common name for the remedy filed at the institutional level. Plaintiff was advised that he could resubmit the appeal, in the proper form, within 15 days (docket entries #40, #41). There was a delay in Plaintiff's receipt of the rejection notice, and, on April 29, 2009, Brent Thrash, a counselor, authored a memorandum documenting the delay, and advising Plaintiff that he had 15 days from the date of the memo to resubmit his appeal. Despite Thrash's memo, Plaintiff never resubmitted his appeal, and therefore never properly exhausted his administrative remedies under the prison's administrative remedy process.

No material facts are in dispute, and it is clear that Plaintiff failed to properly exhaust his administrative remedies regarding his religious claims. Because Plaintiff failed to achieve proper exhaustion pursuant to prison policy before he filed this complaint, Defendants are entitled to summary judgment.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #39) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __2__ day of February, 2010.

                                                          UNITED STATES MAGISTRATE JUDGE